**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Arsenio D. Rodriguez
Nicholas P. Melito
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SANTOS EFRAIN HEREDIA, on behalf of himself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**KHIM'S MILLENIUM MARKET IV, INC., KHIM'S MILLENNIUM MARKET V, INC., KHIMS MILLENNIUM MARKET VI INC., KHIMS ORGANIC INC., KHIM'S ORGANIC II INC., KHIMS ORGANIC III INC., KHIM'S ORGANIC IV INC., KHIMS ORGANIC V INC., SANG KYU KHIM, SUNG KYU KHIM, and IN KYU KHIM,**<br><br>**Defendants.** | No. 15-CV-4609<br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Santos Efrain Heredia ("Heredia" or "Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation and statutory penalties for Plaintiff and his similarly situated co-workers – stock persons, deli countermen, produce washers, and other "Non-Exempt Workers" – who work or have worked at Khim's Millennium Markets located at 460 Driggs Avenue, Brooklyn, New York 11211, 294 Graham Avenue, Brooklyn, New York 11211, 260 Bushwick Avenue, Brooklyn, New York 11206, 536 Myrtle Avenue Brooklyn,

New York 11205, 111 Lawrence Street, Brooklyn, New York 11201, 265 Bedford Avenue, Brooklyn, NY 11211, 185 Bedford Avenue, Brooklyn, New York 11211, and/or 120 Bedford Avenue, Brooklyn, New York 11249 (collectively, the "Khim's Markets").

2.      Owned and operated by Khim's Millenium Market IV, Inc., Khim's Millennium Market V, Inc., Khims Millennium Market VI Inc., Khims Organic Inc., Khim's Organic II Inc., Khims Organic III Inc., Khim's Organic IV Inc., Khims Organic V Inc., Sang Kyu Khim, Sung Kyu Khim, and In Kyu Khim (collectively, "Defendants"), the Khim's Markets offer a wide variety of healthy and organic products through their eight stores in New York City.

3.      Despite operating the supermarkets under eight separate corporations, Defendants have been part of a single integrated enterprise that has jointly employed Non-Exempt Workers at the Khim's Markets.  This enterprise is centrally controlled by Sang Kyu Khim, Sung Kyu Khim, and In Kyu Khim who own, manage and oversee operations at all eight stores.

4.      Most importantly, Non-Exempt Workers at the Khim's Markets perform the same basic job duties, are subject to the same employment policies, practices and procedures, and are directed and/or permitted by Defendants to perform work at all locations without retraining.

5.      Plaintiff brings this action on behalf of himself and all similarly situated current and former Non-Exempt Workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

6.      Plaintiff also brings this action on behalf of himself and all similarly situated current and former Non-Exempt Workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

### Plaintiff

**Santos Efrain Heredia**

7.　　Heredia is an adult individual who is a resident of Brooklyn, New York.

8.　　Heredia has been employed by Defendants in the following positions from in or around December 2012 to January 11, 2015:  stock person and deli counterman.  During this time period, Heredia performed work at the 460 Driggs Avenue, 536 Myrtle Avenue, and 111 Lawrence Street locations.

9.　　Heredia is a covered employee within the meaning of the FLSA and the NYLL.

10.　　A written consent form for Heredia is being filed with this Class Action Complaint.

### Defendants

11.　　Defendants have employed and/or jointly employed Plaintiff and similarly situated employees at all times relevant.

12.　　Each Defendant has had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

13.　　Defendants are part of a single integrated enterprise that has jointly employed Plaintiff and similarly situated employees at all times relevant.

14.　　Defendants' operations are interrelated and unified.

15.　　During all relevant times, the Khim's Markets have shared a common management, and were centrally controlled and/or owned by Defendants.

16.　　During all relevant times, Defendants centrally controlled the labor relations of the Khim's Markets.

17.　　During all relevant times, Defendants have allowed employees to transfer or be shared by and between the Khim's Markets without retraining.  In fact, Plaintiff worked at more

than one location.

**Khim's Millenium Market IV, Inc.**

18.     Together with the other Defendants, Defendant Khim's Millenium Market IV, Inc. ("KMM IV") has owned and/or operated the Khim's Markets during the relevant period.

19.     KMM IV is a domestic business corporation organized and existing under the laws of New York.

20.     KMM IV is the "Premises Name" that appears on the active New York State Liquor License for the premises located at "260 BUSHWICK AVE, BROOKLYN, NY 11206," an address of one of the Khim's Markets.

21.     KMM IV is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

22.     At all relevant times, KMM IV has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

23.     KMM IV has applied the same employment policies, practices, and procedures to all Non-Exempt Workers, including policies, practices, and procedures with respect to payment of overtime compensation.

24.     Upon information and belief, at all relevant times KMM IV's annual gross volume of sales made or business done was not less than $500,000.00.

**Khim's Millennium Market V, Inc.**

25.     Together with the other Defendants, Defendant Khim's Millenium Market V, Inc. ("KMM V") has owned and/or operated the Khim's Markets during the relevant period.

26.     KMM V is a domestic business corporation organized and existing under the laws of New York.

27.     According to the Entity Information provided by the New York State Department of State Division of Corporations, KMM V's principal executive office is located at "265 BEDFORD AVENUE, BROOKLYN, NEW YORK 11211," an address of one of the Khim's Markets.

28.     KMM V is the "Premises Name" that appears on the active New York State Liquor License for the premises located at "265 BEDFORD AVENUE, BROOKLYN, NY 11211," an address of one of the Khim's Markets.

29.     KMM V is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

30.     At all relevant times, KMM V has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

31.     KMM V has applied the same employment policies, practices, and procedures to all Non-Exempt Workers, including policies, practices, and procedures with respect to payment of overtime compensation.

32.     Upon information and belief, at all relevant times KMM V's annual gross volume of sales made or business done was not less than $500,000.00.

**Khims Millennium Market VI Inc.**

33.     Together with the other Defendants, Defendant Khims Millennium Market VI Inc. ("KMM VI") has owned and/or operated the Khim's Markets during the relevant period.

34.     KMM VI is a domestic business corporation organized and existing under the laws of New York.

35.     According to the Entity Information provided by the New York State Department of State Division of Corporations, KMM VI's principal executive office is located at "460

DRIGGS AVENUE, BROOKLYN, NEW YORK 11211," an address of one of the Khim's Markets.

36.    KMM VI is the "Premises Name" that appears on the active New York State Liquor License for the premises located at "460 DRIGGS AVENUE, BROOKLYN, NY 11211," an address of one of the Khim's Markets.

37.    KMM VI is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

38.    At all relevant times, KMM VI has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

39.    KMM VI has applied the same employment policies, practices, and procedures to all Non-Exempt Workers, including policies, practices, and procedures with respect to payment of overtime compensation.

40.    Upon information and belief, at all relevant times KMM VI's annual gross volume of sales made or business done was not less than $500,000.00.

**Khims Organic Inc.**

41.    Together with the other Defendants, Defendant Khims Organic Inc. ("KO") has owned and/or operated the Khim's Markets during the relevant period.

42.    KO is a domestic business corporation organized and existing under the laws of New York.

43.    KO is the "Premises Name" that appears on the active New York State Liquor License for the premises located at "294 GRAHAM AVENUE, BROOKLYN, NY 11211," an address of one of the Khim's Markets.

44.    KO is a covered employer within the meaning of the FLSA and the NYLL, and, at

all times relevant, has employed Plaintiff and similarly situated employees.

45.    At all relevant times, KO has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

46.    KO has applied the same employment policies, practices, and procedures to all Non-Exempt Workers, including policies, practices, and procedures with respect to payment of overtime compensation.

47.    Upon information and belief, at all relevant times KO's annual gross volume of sales made or business done was not less than $500,000.00.

**Khims Organic II Inc.**

48.    Together with the other Defendants, Defendant Khims Organic II Inc. ("KO II") has owned and/or operated the Khim's Markets during the relevant period.

49.    KO II is a domestic business corporation organized and existing under the laws of New York.

50.    According to the Entity Information provided by the New York State Department of State Division of Corporations, KO II's address for service of process is located at "536 MYRTLE AVE, BROOKLYN, NEW YORK 11205," an address of one of the Khim's Markets.

51.    KO II is the "Premises Name" that appears on the active New York State Liquor License for the premises located at "536 MYRTLE AVENUE, BROOKLYN, NY 11205," an address of one of the Khim's Markets.

52.    KO II is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

53.    At all relevant times, KO II has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment

practices that applied to them.

54.    KO II has applied the same employment policies, practices, and procedures to all Non-Exempt Workers, including policies, practices, and procedures with respect to payment of overtime compensation.

55.    Upon information and belief, at all relevant times KO II's annual gross volume of sales made or business done was not less than $500,000.00.

**Khims Organic III Inc.**

56.    Together with the other Defendants, Defendant Khims Organic III Inc. ("KO III") has owned and/or operated the Khim's Markets during the relevant period.

57.    KO III is a domestic business corporation organized and existing under the laws of New York.

58.    KO III is the "Premises Name" that appears on the active New York State Liquor License for the premises located at "185 BEDFORD AVENUE, BROOKLYN, NY 11211," an address of one of the Khim's Markets.

59.    KO III is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

60.    At all relevant times, KO III has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

61.    KO III has applied the same employment policies, practices, and procedures to all Non-Exempt Workers, including policies, practices, and procedures with respect to payment of overtime compensation.

62.    Upon information and belief, at all relevant times KO III's annual gross volume of sales made or business done was not less than $500,000.00.

**Khims Organic IV Inc.**

63.     Together with the other Defendants, Defendant Khims Organic IV Inc. ("KO IV") has owned and/or operated the Khim's Markets during the relevant period.

64.     KO IV is a domestic business corporation organized and existing under the laws of New York.

65.     KO IV is the "Premises Name" that appears on the active New York State Liquor License for the premises located at "111 LAWRENCE ST, BROOKLYN, NY 11201," an address of one of the Khim's Markets.

66.     KO IV is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

67.     At all relevant times, KO IV has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

68.     KO IV has applied the same employment policies, practices, and procedures to all Non-Exempt Workers, including policies, practices, and procedures with respect to payment of overtime compensation.

69.     Upon information and belief, at all relevant times KO IV's annual gross volume of sales made or business done was not less than $500,000.00.

**Khims Organic V Inc.**

70.     Together with the other Defendants, Defendant Khims Organic V Inc. ("KO V") has owned and/or operated the Khim's Markets during the relevant period.

71.     KO V is a domestic business corporation organized and existing under the laws of New York.

72.     KO V is the "Premises Name" that appears on the active New York State Liquor

License for the premises located at "120 BEDFORD AVE, BROOKLYN, NY 11249," an address of one of the Khim's Markets.

73.    KO V is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

74.    At all relevant times, KO V has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

75.    KO V has applied the same employment policies, practices, and procedures to all Non-Exempt Workers, including policies, practices, and procedures with respect to payment of overtime compensation.

76.    Upon information and belief, at all relevant times KO V's annual gross volume of sales made or business done was not less than $500,000.00.

**Sang Kyu Khim**

77.    Upon information and belief, Defendant Sang Kyu Khim ("Sang") is a resident of the State of New York.

78.    At all relevant times, Sang is one of the founders, owners, and operators of the Khim's Markets.

79.    Sang is the "Principal" listed on the New York State Liquor License for the premises doing business as "KHIM'S MILLENNIUM MARKET" located at "536 MYRTLE AVENUE, BROOKLYN, NY 11205."

80.    At all relevant times, Sang had power over personnel decisions at the Khim's Markets, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

81.    At all relevant times, Sang had power over payroll decisions at the Khim's

Markets, including the power to retain time and/or wage records.

82.    At all relevant times, Sang was actively involved in managing the day to day operations of the Khim's Markets.

83.    At all relevant times, Sang had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

84.    At all relevant times, Sang had the power to transfer the assets and/or liabilities of the Khim's Markets.

85.    At all relevant times, Sang had the power to declare bankruptcy on behalf of the Khim's Markets.

86.    At all relevant times, Sang had the power to enter into contracts on behalf of the Khim's Markets.

87.    At all relevant times, Sang had the power to close, shut down, and/or sell the Khim's Markets.

88.    Sang was a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, employed and/or jointly employed Plaintiff and similarly situated employees.

**Sung Kyu Khim**

89.    Upon information and belief, Defendant Sung Kyu Khim ("Sung") is a resident of the State of New York.

90.    At all relevant times, Sung is one of the founders, owners, and operators of the Khim's Markets.

91.    The Entity Information provided by the New York State Department of State Division of Corporations identifies Sung as the "Chief Executive Officer" of KMM V and KMM VI.

92.    Sung is the "Principal" listed on the New York State Liquor Licenses for the

premises doing business as "KHIM'S MILLENNIUM MARKET" located at "460 DRIGGS AVE, BROOKLYN, NY 11211," "294 GRAHAM AVENUE, BROOKLYN, NY 11211," "260 BUSHWICK AVE, BROOKLYN, NY 11206," "111 LAWRENCE ST, BROOKLYN, NY 11201," "265 BEDFORD AVE, BROOKLYN, NY 11211," "185 BEDFORD AVENUE, BROOKLYN, NY 11211," and "120 BEDFORD AVE, BROOKLYN, NY 11249."

93.     At all relevant times, Sung had power over personnel decisions at the Khim's Markets, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

94.     At all relevant times, Sung had power over payroll decisions at the Khim's Markets, including the power to retain time and/or wage records.

95.     At all relevant times, Sung was actively involved in managing the day to day operations of the Khim's Markets.

96.     At all relevant times, Sung had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

97.     At all relevant times, Sung had the power to transfer the assets and/or liabilities of the Khim's Markets.

98.     At all relevant times, Sung had the power to declare bankruptcy on behalf of the Khim's Markets.

99.     At all relevant times, Sung had the power to enter into contracts on behalf of the Khim's Markets.

100.    At all relevant times, Sung had the power to close, shut down, and/or sell the Khim's Markets.

101.    Sung was a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, employed and/or jointly employed Plaintiff and similarly situated employees.

**In Kyu Khim**

102.    Upon information and belief, Defendant In Kyu Khim is a resident of the State of New York.

103.    At all relevant times, In Kyu Khim is one of the founders, owners, and operators of the Khim's Markets.

104.    In Kyu Khim is the "Principal" listed on the New York State Liquor License for the premises doing business as located at "260 BUSHWICK AVE, BROOKLYN, NY 11206," the address of one of the Khim's Markets.

105.    At all relevant times, In Kyu Khim had power over personnel decisions at the Khim's Markets, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

106.    At all relevant times, In Kyu Khim had power over payroll decisions at the Khim's Markets, including the power to retain time and/or wage records.

107.    At all relevant times, In Kyu Khim was actively involved in managing the day to day operations of the Khim's Markets.

108.    At all relevant times, In Kyu Khim had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

109.    At all relevant times, In Kyu Khim had the power to transfer the assets and/or liabilities of the Khim's Markets.

110.    At all relevant times, In Kyu Khim had the power to declare bankruptcy on behalf of the Khim's Markets.

111.    At all relevant times, In Kyu Khim had the power to enter into contracts on behalf of the Khim's Markets.

112.    At all relevant times, In Kyu Khim had the power to close, shut down, and/or sell

the Khim's Markets.

113.    In Kyu Khim was a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

114.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

115.    This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

116.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

117.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

118.    Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who have worked as Non-Exempt Workers at the Khim's Markets, who elect to opt-in to this action (the "FLSA Collective").

119.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

120.    Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective were not paid premium overtime compensation for all hours worked beyond 40 per workweek.

121.    All of the work that Plaintiff and the FLSA Collective have performed has been

assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

122.    As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

> (a) willfully failing to pay its employees, including Plaintiff and the FLSA Collective, premium overtime wages for all hours worked in excess of 40 hours per workweek; and

> (b) willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

123.    Defendants' unlawful conduct, as described in this Class Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly compensate Plaintiff and the FLSA Collective for the hours they have worked.

124.    Defendants are aware or should have been aware that federal law required them to pay Non-Exempt Workers overtime premiums for all hours worked in excess of 40 per workweek.

125.    Plaintiff and the FLSA Collective perform or performed the same primary duties.

126.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

127.    There are many similarly situated current and former Non-Exempt Workers who have been denied overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

128.    Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

129.    In recognition of the services Plaintiff has rendered and will continue to render to the

FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## CLASS ACTION ALLEGATIONS

130.   Plaintiff brings the Second, Third, Fourth, and Fifth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as Non-Exempt Workers and similar employees at the Khim's Markets in New York between August 6, 2009 and the date of final judgment in this matter (the "Rule 23 Class").

131.   Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

132.   The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.  Upon information and belief, the size of the Rule 23 Class is at least 50 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

133.   Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

134.   Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

> (a) whether Defendants violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor regulations;
>
> (b) whether Defendants correctly compensated Plaintiff and the Rule 23 Class for

hours worked in excess of 40 per workweek;

(c) whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class, and other records required by the NYLL;

(d) whether Defendants failed to furnish Plaintiff and the Rule 23 Class with proper annual wage notices, as required by the NYLL;

(e) whether Defendants failed to furnish Plaintiff and the Rule 23 Class with a proper statement with every payment of wages, as required by the NYLL;

(f) whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(g) the nature and extent of class-wide injury and the measure of damages for those injuries.

135.    The claims of Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent.  Plaintiff and all of the Rule 23 Class members work, or have worked, for Defendants as Non-Exempt Workers at the Khim's Markets in New York.  Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the NYLL, including being paid overtime compensation.  Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.  Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

136.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.  Plaintiff understands that as class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff recognizes that as class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the class.  Plaintiff recognizes that any resolution of a class action must be in the best interest of the

class.  Plaintiff understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff and the Rule 23 members.

137.    In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

138.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual Plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

139.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFF'S FACTUAL ALLEGATIONS

140.    Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Santos Efrain Heredia**

141.    Defendants have not paid Heredia the proper overtime compensation for all hours in excess of 40 hours that he has been suffered or permitted to work each workweek.

142.    Throughout his employment, Defendants have paid Heredia a fixed weekly salary for all hours worked, regardless of what position he worked.  In December 2012, Heredia was paid a fixed weekly salary of $380.00.  Thereafter, his salary would increase approximately every two to three months, eventually reaching $520.00.

143.    During his employment, Heredia generally worked six, twelve hour shifts, with one day off per week, unless he missed time for vacation, sick days, and/or holidays.  For example, from in or around June 2014 to January 11, 2015, Heredia worked the following scheduled hours:  Monday, Tuesday, Wednesday, Friday, Saturday, and Sunday from 8:00 a.m. to 8:00 p.m. for an average of approximately 72 hours per workweek.

144.    Defendants have consistently suffered or permitted Heredia to work over 40 hours per week as a stock person and deli counterman.  During such workweeks, Defendants have not compensated Heredia at time and one-half his regular hourly rate for all of the overtime hours he has worked, but rather have provided Heredia with a fixed weekly salary that has been intended to compensate him for a 40 hour workweek.

145.    Defendants have been required to pay Heredia at time and one-half his regular hourly rate for all hours worked beyond 40 per workweek.  Given that Heredia's weekly salary has been intended to compensate him for a 40 hour workweek, his regular hourly rate must be calculated by dividing his weekly salary by 40.  For example, when Heredia was earning $520.00 per week, his regular hourly rate was $13.00 ($520.00 divided by 40 hours), and his overtime rate was $19.50 ($13.00 multiplied by 1.5).

146.    Throughout his employment, Heredia worked at the following Khim's Markets:

(a)   From in or around December 2012 to February 2013:  536 Myrtle Avenue;

(b)  From in or around March 2013 to August 2013:  111 Lawrence Street;

(c) From in or around September 2013 to February 2014: 536 Myrtle Avenue;
and

(d) From in or around March 2014 to January 11, 2015: 460 Driggs Avenue.

147. Defendants have not kept accurate records of wages earned, or of hours worked by Heredia. As such, Heredia has not been compensated for all of the hours he has been suffered or permitted to work.

148. Defendants have failed to furnish Heredia with annual wage notices, as required by the NYLL.

149. Defendants have failed to furnish Heredia with a proper statement with every payment of wages, as required by the NYLL.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

150. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

151. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

152. Plaintiff has consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

153. At all times relevant, Plaintiff and the members of the FLSA Collective have been employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they have been engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

154. At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 201 *et seq.*

155. At all times relevant, Defendants have been employers of Plaintiff and the members of the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

156. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

157. Defendants have failed to pay Plaintiff and the members of the FLSA Collective overtime wages to which they have been entitled under the FLSA.

158. Defendants have failed to pay Plaintiff and the members of the FLSA Collective overtime compensation at a rate of time and one-half their regular hourly wage rate for all hours worked in excess of 40 per workweek.

159. Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

160. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

161. As a result of Defendants' violations of the FLSA, Plaintiff and the members of the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
New York Labor Law – Overtime Wage
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

162.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

163.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

164.    At all times relevant, Plaintiff and the members of the Rule 23 Class have been an employee of Defendants, and Defendants have been employers of Plaintiff and the members of the Rule 23 Class within the meaning of the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

165.    At all times relevant, Plaintiff and the members of the Rule 23 Class have been covered by the NYLL.

166.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

167.    Defendants have failed to pay Plaintiff and the members of the Rule 23 Class overtime wages to which they have been entitled under the NYLL and the supporting New York State Department of Labor Regulations.

168.    Defendants have failed to pay Plaintiff and the members of the Rule 23 Class overtime at a rate of time and one-half their regular hourly rates for all hours worked in excess of 40 per workweek.

169.    Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the members of the Rule 23 Class.

170.    Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, Defendants

- 22 -

have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

171.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

<div align="center">

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Proper Annual Wage Notices**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

</div>

172.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

173.    Defendants have willfully failed to furnish Plaintiff and the members of the Rule 23 Class with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February second of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

174.    Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the annual wage notices required by the NYLL, Defendants have

willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

175.    Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with proper annual wage notices, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

<div align="center">

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Proper Wage Statements**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

</div>

176.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

177.    Defendants have willfully failed to furnish Plaintiff and the members of the Rule 23 Class with a statement with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

178.    Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

179.    Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of one hundred dollars for

each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with proper wage statements, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Non-Exempt Workers who are presently working at, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at the Khim's Markets in New York.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.     Unpaid overtime compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.     Payment of a service award to Plaintiff, in recognition of the services he has rendered and will continue to render to the FLSA Collective and the Rule 23 Class;

D.     Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

E.     Unpaid overtime compensation and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F.   Statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with proper annual wage notices, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

G.   Statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with proper wage statements, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

H.   Prejudgment and post-judgment interest;

I.   An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

J.   Reasonable attorneys' fees and costs of the action; and

K.   Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       August 6, 2015

Respectfully submitted,

Joseph A. Fitapelli

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Arsenio D. Rodriguez
Nicholas P. Melito
475 Park Avenue South, 12th Floor
New York, NY 10016
Telephone: (212) 300-0375

*Attorneys for Plaintiff and
the Putative Class*

**FORMULARIO DE CONSENTIMIENTO DE UNIÓN**

1. Doy mi consentimiento para ser parte demandante en una demanda contra KHIMS MILLENIUM MARKETS. y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216(b).

2. Al firmar y devolver este formulario de consentimiento, yo designo Fitapelli & Schaffer, LLP ("La Firma") para representarme y hacer decisiones en mi defensa acerca del caso y cualquier acuerdo extrajudicial. Entiendo que costos razonables hechos en mi defensa serán deducido de cualquier acuerdo extrajudicial o juicio será prorrateado entre todos los otros demandantes. Entiendo que la firma peticionara con la Corte para conseguir los costos de abogado de cualquier acuerdo extrajudicial o juicio en la suma que será el mayor de lo siguiente: (1) la suma "lodestar", que es calculada por multiplicar una tarifa por hora razonable por los números de horas dedicado a la demanda, o (2) 1/3 del total bruto del acuerdo judicial o juicio. Estoy de acuerdo de ser vinculado a cualquier proceso legal de este asunto por la Corte, sea favorable o desfavorable.

Firma (Signature)

Santos Efraín Heredia

Nombre legal completo (Imprenta) (Full Legal Name (Print))

[redacted]